UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| KELLY DILLON, Plaintiff, -against- AUDACY SERVICES, LLC and AUDACY NEW YORK, LLC, Defendants. | : | 26-CV-03831 (VEC) <br> MODEL CONFIDENTIALITY STIPULATION AND PROPOSED PROTECTIVE ORDER |

**WHEREAS**, the Parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

**ORDERED** that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

1. Counsel for any party may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret or otherwise sensitive non-public information. Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL."

Notwithstanding the foregoing, all medical records and protected health information ("PHI"), as defined by 45 C.F.R. § 160.103, including but not limited to medical, psychiatric, psychological, counseling, and psychotherapy records, treatment notes, diagnoses, prescriptions, and information concerning a person's physical or mental health, shall automatically be deemed Confidential Information subject to all protections of this Order, regardless of whether such information or documents are marked, stamped, or otherwise designated "CONFIDENTIAL." No affirmative designation shall be required for such information to receive protection under this Order. This provision shall apply equally to information produced by the parties and information obtained directly from third-party healthcare providers, including pursuant to subpoenas or authorizations.

For purposes of this Order, such protection shall also extend to deposition testimony, discovery responses, summaries, excerpts, and other materials to the extent they reveal or reproduce medical records or PHI, regardless of whether those materials are separately designated as confidential.

The automatic designation of medical records and PHI as Confidential Information under this Paragraph is intended solely to govern the treatment and protection of such information if disclosed or produced,

and shall not constitute consent to its disclosure, an agreement that such information is relevant or discoverable, or a waiver of any applicable privilege, protection, or objection.

2. The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the action. Under no circumstances shall PHI obtained in connection with this action be used or disclosed for any purpose unrelated to this litigation, including employment, business, publicity, or any separate proceeding, absent the express written consent of the individual whose PHI is at issue or further order of the Court.

3. In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information.

4. The parties should meet and confer if any production requires a designation of "For Attorneys' or Experts' Eyes Only." All other documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

a. The requesting party and counsel, including in-house counsel, provided that access to PHI shall be limited to counsel of record, in-house counsel directly involved in the litigation, and those party representatives whose access is reasonably necessary to assist in the prosecution or defense of this action;

b. Employees of such counsel assigned to and necessary to assist in the litigation;

c. Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel; and

d. The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court).

Notwithstanding the foregoing, PHI shall not be disclosed to any officer, director, employee, agent, insurer, or other representative of a party unless such disclosure is reasonably necessary for purposes of this litigation and the recipient has agreed to be bound by this Order in accordance with Paragraph 5. Access to PHI shall not be permitted solely by virtue of an individual's employment, position, or affiliation with a party.

Nothing in this Paragraph shall prevent a party from accessing that party's own medical records or PHI.

5. Prior to disclosing or displaying the Confidential Information to any person other than the Court and its personnel, counsel of record, and employees of such counsel acting under counsel's supervision, counsel must:

a. Inform the person of the confidential nature of the information or documents;

b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

c. Require each such person to sign an agreement to be bound by this Order in the form attached

as Exhibit A.

6. The disclosure of a document or information without designating it as “Confidential” shall not constitute a waiver of the right to designate such document or information as Confidential Information. If so designated, the document or information shall thenceforth be treated as Confidential Information subject to all the terms of this Stipulation and Order. Medical or therapy records and PHI described in Paragraph 1 shall be deemed Confidential Information immediately upon disclosure or production, without any requirement of designation, marking, or subsequent notice. The failure to designate such information as “CONFIDENTIAL” shall not diminish or waive its confidential status or the protections afforded under this Order.

7. Any Personally Identifying Information (“PII”) (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft), or PHI, as defined in Paragraph 1, exchanged in discovery shall be maintained by the receiving party in a manner that is secure and confidential and shared only with authorized individuals in a secure manner. The producing party may specify the minimal level of protection expected in the storage and transfer of its information. In the event the party who received PII or PHI experiences a data breach, or becomes aware of any unauthorized access, use, or disclosure involving such information, it shall immediately notify the producing party, and, if different, the party whose PHI is affected, through counsel, of the same and cooperate with the producing party to address and remedy the breach. Nothing herein shall preclude the producing party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving party’s failure to appropriately protect PII from unauthorized disclosure. The receiving party shall take reasonable steps to prevent further unauthorized access, use, or disclosure.

8. Pursuant to Federal Rule of Evidence 502, the production of privileged or work-product protected documents or communications, electronically stored information (“ESI”) or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party’s right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production. Nothing in this Paragraph or elsewhere in this Order shall constitute a waiver of the psychotherapist-patient privilege or any other applicable privilege or protection concerning medical or mental health information. The production of PHI pursuant to this Order shall not, by itself, constitute a waiver of any privilege or protection applicable to other records or communications.

9. Notwithstanding the designation of information as “Confidential” in discovery, there is no presumption that such information shall be filed with the Court under seal. The parties shall follow the Court’s procedures for requests for filing under seal. Before publicly filing any document containing another party's PHI, the filing party shall provide reasonable advance notice to the affected party's counsel and confer regarding appropriate redactions or a request to file under seal, except where impracticable due to a court-imposed deadline. Nothing herein authorizes filing under seal without the Court's approval or otherwise alters the applicable legal standards governing public access to judicial documents.

10. At the conclusion of litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or destroyed, except that the parties’ counsel shall be permitted to retain their working files on the condition that those files will remain protected.

11. Nothing herein shall preclude the parties from disclosing material designated to be Confidential Information if otherwise required by law or pursuant to a valid subpoena. However, before disclosing PHI in response to a subpoena, court order, or other legal demand, the receiving party shall, to the extent legally permitted, promptly notify the party whose PHI is sought, through counsel, and provide a reasonable opportunity to seek appropriate relief. No disclosure shall exceed what is legally required, and nothing herein shall require violation of a binding court order or applicable law.

12. Nothing in this Order shall be construed as consent to the disclosure or production of medical records or PHI, an agreement that such information is relevant or discoverable, a HIPAA authorization, or a waiver of any applicable privilege, confidentiality protection, discovery objection, or other right. The parties expressly reserve all rights to challenge the scope, relevance, proportionality, and discoverability of requested medical or mental health information. The entry of this Order shall not independently authorize a healthcare provider to disclose records or relieve any party of otherwise applicable requirements governing discovery, subpoenas, or authorizations.

SO STIPULATED AND AGREED.

Dated: New York, New York
November 11 2026

SO ORDERED.

Valerie Caproni 11/17/2026

The Honorable Valerie E. Caproni
United States District Court Judge

Exhibit A

Agreement

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled Kelly Dillon v. Audacy Services, LLC, and Audacy New York, LLC, Case Number 26-CV-03831, have been designated as confidential or are automatically deemed confidential pursuant to the Protective Order entered in this action, including personally identifiable information (“PII”) or protected health information (“PHI”). I have been informed that any such documents or information are confidential by Order of the Court.

I acknowledge that I have been provided a copy of the Protective Order, read and understand the Protective Order, and agree to comply with its terms. I shall not copy, distribute, disclose, or retain Confidential Information except as expressly permitted by the Protective Order. I understand that unauthorized disclosure or use of Confidential Information, including PHI, may subject me to sanctions or other relief ordered by the Court.

I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

Upon completion of my involvement in this litigation, I shall return all Confidential Information in my possession to the counsel who provided it, or destroy such information at counsel's direction, except as otherwise permitted by the Protective Order and applicable law.

I consent to the jurisdiction of the United States District Court for the Southern District of New York for purposes of enforcing the Protective Order and this Agreement.

DATED:

Signature: ___________________

Date: ___________________